IN THE UNITE STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| RANDY JOE METCALF | * | District Court Case No. 0862- |
| MOVANT. | * | 2:15-CR-01032-001 |
| VS. | * | Judge: READE |
| UNITED STATES OF AMERICA. | * | 20-cv-1030-LRR-MAR |
| Respondent. | * | RECEIVED AUG 18 2020 |

MOTION FOR Extendtion of time do to Extraordinary and Compelling Circumstances of movant's 28 U.S.C. §2255 MOTION To SET ASIDE, or TO Correct Sentence Pursuant TO 28 U.S.C. 2255, In The ALTERNATIVE TO APPoinT Counsel, Pursuant to 18 U.S.C. 3006(A)(2)(B).

RECEIVED
AUG - 7 2020
U.S. COURT OF APPEALS
EIGHTH CIRCUIT

I. INTroduction

THE movAT brings this motion in good faith, not to delay the Courts ruling But due to the facts that the Coronavirus is rapidly spreading in all parts of the United States, including here in the BoP (Prisons) And there is NO Vaccine or Cure for this Disease. So it is most likely that any ruling against this motion would have movant at a disadvantage without the assistance of APPointed Counsel to represent the movant.

Subject matter Jurisdiction

A. UNDER 28 U.S.C. §2255 INEFFective Assistance of Counsel. The Court Do have Subject matter Jurisdiction in this Action where it is established a court may modify a term of imprisonment based on a Sentence enhancement that has been ruled UNConstitutional. now the movant bringing this Action because my Guidelines was 77 months to 92 months, movant received 120 months, Counsel failure to argue

Sentence lengthen was also Ineffective assistance. I the movant was Charge on 10-17 2015, Offense: 18:249 (A) offense code 893 Hate crime 1 ct. Date of Sentencing imposed 10-5-2016, Last court ruling 8 month 2018.

### Argument

1) The U.S. Supreme Court's holding in Johnson V. United States movant, Argues that counsel was Ineffective assistance for not appealing to the 8th cir. of Appeal. That the defendant contended that his sentence was procedurally "substantively unreasonable" and that the district court lacked the authority to impose a out of guideline sentence on (Mr. Randy J. Metcalf) for (1) Burglary conviction. When all other charge were consolidated under a Plea agreement with the State Court.

2) 3553 Factors

Mr. Metcalf Presented challenges to consider in his sentencing hearing for the Judge to consider (8) individual Character Witnesses all African-America, individual "considering that I was Charge with a hate crime this was not consider.

3) Sentencing Judges should or should have in this case exercise their discretion in the type of evidence they may consider when imposing sentences when its highly relevant-IF not essential to the selection of an appropriate sentence of this case. In light of "Peppers v. United States, 562 U.S. 476, 490, 131 S. ct 1229, 179 L.ed. 2d 196 (2011) (holding that a district court "should or may consider post-sentencing evidence of a defendant's rehabilitation since his prior arrest, To support a downward variance from the guideline. IN all fairness the court should var with the support of the 4 guidelines at cost 73 to 82 months or below with the support of his Africa-America

Case 2:20-cv-02028-LRR-MAR Document 1 Filed 03/07/20 Page 2 of 10

community showing support for Mr. Metcalf. Counsel was ineffective for not making a stronge arguement for his Post-Sentence evidence.

## Court ERROR

A) The Court must consider another imperative issue. "Whether it address the prior error of its Sentencing Enhancement of Mr. Metcalf. That when the Court initially "Sentence" Mr. Metcalf, the guideline "explained" that the predicate offense such as the Burglary offense and the misdemeanor "assault", were part of a singal common scheme. The Court here, treated this crime a two offense. That error effected, and effectively "pushed" Mr. Metcalf out of his guideline range, of 77 to 92 month. Any other charges at the time should not have been consider, because they was over 10 year old, at the time of arrest.

B) AND the Court simply cannot ignore an error of this magnitude, of 120 months particularly where "Mr. Metcalf" objected to the upper variance, going away from the guideline. But for counsel failure to challenge it on "appeal" is ineffected of assistance. This allowed procedural posture of this case to over-run (Mr. Metcalfs) Liberty and it undermines the fairness and integrits of the court system. and the value society places on Judges to get thing right.

C) "LAW"

The Court should not have any reason to over-Look this error and the fundamental miscarriage of Justice, particularly where the Court can just recalculate, "Mr. Metcalf" Guideline range. Moreover, the Sentencing Guidelines do not require the Court to continue applying an erroeous Guideline range based on a miscalculated cri

Particularly where "Mr. Metcalf" properly objected to this sentence of 120 months, before his initial sentencing.

(D) The Court must carefully consider the statutory changes provided in the old law and the new laws, and modifie the penalties contain therein, before considering how the statute and Guideline applys specifically to "Mr. Metcalf" case.

(E) Legal Framework under United States Sentencing Guideline 4A1.2 (a)(2)(B)(C)

under 4A1.2 (a)(2)(B)(C) Provided prior sentences imposed in related cases are to be treated as one sentence for purposes of 4A1.1(a)(B) and (c) USSG 4A1.2(a)(2004). The commentary to that section explained prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e. the defendant is arrest for the first offense prior to committing the second offense). (1) Otherwise, prior sentence are considered related if they resulted from offenses (A) occurred on the same occasion, (B) were part of a singal common scheme or plan (C) were consolidated for trial or sentencing. USSG 4A1.2 app.n.3, 2004 See also "United States V. Huggins 191 F.3d 532, 539 (4th Cir 1999) explaining when related predicate offenses count as separate for the career offender enhancement after intervening arrest). The PSR itself mentioned that the robbery offenses "had the same arrest and conviction dates."

(F) Mr. Metcalf" prior sentences should have counted as (1) conviction they were related. (A) Because his offenses occurred at the same time on the same occasion (B) His offenses were apart of a singal common plan (C) his cases were formerly consolidated for sentencing due to his Guilty plea and the agreement with

the STaTe, see USSG 4A1.2. But, "Whenever Judges learn of a significant mistake that affects the outcome of a case, there is value to correct them." One would think, the transparently would be is to correct the error, not only does this meet the requirement of justice, but to re-emphasize a sad but important truth - that although almost all judges try very hard to do their best, they sometimes falls short, as in the case of "Mr. metcalf."

We pray that this court is of the understanding in this motion and like "Mr. metcalf" are human and make mistakes and are capacity for human errors. I submit my timely 2255 motion to this court on this day July 25 2020

### Certificate of Service

I RANDY Joe METCALF hereby certify that I truely can't get any copie to send to no one but the Clerk of the Court for the foregoing reason. That my time is running out and when these people here get your papers legal documents you won't get it back in a timely fashion.

cc: Honorable court Judge


cc: Randy Joe Metcalf
x *Randy Joe Metcalf*
U.S.P. Canaan
P.O. Box 300
Waymart, PA 18472

Docket Number 0862 2:15CR01032-001
Offence/charge 18:249(A7)(1) Hate Crime (ct 1)
Offence Code 899

To a Honorable Judge of the Courts.

This is my motion to the Court of Appeals for ineffective assistance of Counsel Claim. 2255 I do not know how to file a correct motion and could really use the help of a lawyer. I do not have the money for one. Please grant me a counsel to file a Correct motion. Here are some of the Claims for my 2255. Sentence Length. My lawyer refused to file an appeal for Sentence. My guideline was 77 months I received 120 months. One of the jurors on my trial knew me. One of the female jurors. I told my lawyer this and she did nothing. Also, many of my character witnesses were as are Black, but on paper they are just names. She should have ask them their Race while on the stand. I was never told how long I had to file this. I believe I am here on a fraudulent Sentence and need The Courts Help. This is my 2255. Please accept this.

If I Ran out of time please grant me a extension please!

Thank you
Respectfully yours
Randy Joe Metcalf
09446-029

God Bless you!

Randy Joe Metcalf

Smart Communications  
United States Penitentiary Canaan  
Randy Joe Metcalf 09996-029  
P.O. Box 30  
Pinellas Park, FL 33781

LEGAL  
MAIL

Honorable Court Judge  
United States Court of Appeals  
For the Eighth Circuit  
Thomas F. Eagleton U.S. Court House  
111 South 10th Street, Room 24.329  
St. Louis, Missouri 63102

LEHIGH VALLEY PA 180  
27 JUL 2020 PM 4

# United States Court of Appeals
*For The Eighth Circuit*
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
**St. Louis, Missouri 63102**

**Michael E. Gans**
*Clerk of Court*

VOICE (314) 244-2400
FAX (314) 244-2780
www.ca8.uscourts.gov

August 7, 2020

Mr. Robert Phelps, Clerk
U.S. District Court
111 Seventh Ave. SE
Cedar Rapids, IA 52401

Case: USA v. Randy Joe Metcalf

District Court Case Numbers: 2:15-cr-01032-LRR-1

Dear Mr. Phelps,

    Please find enclosed what we have construed as a document that may pertain to the above noted case in your court. Please use the received date noted from our court of August 7, 2020 when docketing this pleading.

    Mr. Metcalf is advised that sending documents that should be filed in the District Court to our court only results in delay as they must then be forwarded to the appropriate court for filing.

    Should you require further assistance in this matter, please do not hesitate to contact our office.

Sincerely,

Michael E. Gans
Clerk of Court

aev

Mr. Randy Joe Metcalf
#09446-029
USP Canaan
P.O. Box 300
Waymart, PA 18472

Mr. Robert Phelps, Clerk
U.S. District Court
111 Seventh Ave. SE
Cedar Rapids, IA 52401

------------

------------

UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT
OFFICE OF THE CLERK
ST. LOUIS, MO 63102

neopost
08/07/2020
US POSTAGE
$00.65⁰
FIRST-CLASS MAIL
ZIP 63102
041L11249048

