# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

| | |
|---|---|
| RANDY JOE METCALF,<br><br>        Petitioner,<br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | No. 20-CV-1030<br>15-CR-1032<br><br>**ORDER** |

_____

The matter before the court is Petitioner Randy Joe Metcalf's ("the movant") pro se Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 ("Motion") (docket no. 1).

On December 15, 2015, the grand jury returned a single-count Indictment (criminal docket no. 2), charging the movant with a hate crime in violation of 18 U.S.C. § 249(a)(1). On March 30, 2016, a jury returned a verdict of guilty on Count 1. *See* criminal docket no. 100. On October 5, 2016, the movant was sentenced to 120 months' imprisonment. *See* October 5, 2016 Minute Entry (criminal docket no. 148); Judgment (criminal docket no. 149). On October 20, 2016, Defendant filed a notice of appeal. *See* Notice of Appeal (docket no. 153). On February 2, 2018, the Eighth Circuit Court of Appeals affirmed the judgment. *See* criminal docket nos. 171-172. The Supreme Court denied a writ of certiorari on October 29, 2018. *See* criminal docket no. 177.

On August 7, 2020, the movant filed his § 2255 motion. While not entirely clear, it appears from the Motion that the movant is raising a claim(s) of ineffective assistance of appellate counsel with regard to his sentence. *See generally* Motion at 1-5.

## I. § 2255 INITIAL REVIEW STANDARD

Rule 4(b) of the Rules Governing Section 2255 Proceedings requires the court to conduct an initial review of the motion and dismiss the motion if it is clear that it cannot succeed. Three reasons generally give rise to a preliminary Rule 4(b) dismissal. First, summary dismissal is appropriate when the allegations are vague or conclusory, palpably incredible, or patently frivolous or false. *See Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977).

Second, summary dismissal is appropriate when the motion is beyond the statute of limitations. 28 U.S.C. § 2255(f) states that a one-year limitations period shall apply to motions filed under 28 U.S.C. § 2255. *See, e.g. Taylor v. United States*, 792 F.3d 865, 869 (8th Cir. 2015). The limitations period shall run from the latest of (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). The most common limitations period stems from the final judgment. If no appeal is taken, judgment is final fourteen days after entry. *See* Federal Rule of Appellate Procedure 4(b) (giving defendants fourteen days to file a notice of appeal in a criminal case). If an appeal is taken, the time to file begins to run either 90 days after the denial if no further appeal is taken or at the denial of certiorari if a petition for certiorari is filed. *See Clay v. United States*, 537 U.S. 522, 532 (2003), stating, "[w]e hold that, for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires;" *see also* U.S. Sup. Ct. R. 13.

The one-year limitations period is a strict standard with only a very narrow exception. As set out by the Eighth Circuit Court of Appeals:

> the Antiterrorism and Effective Death Penalty Act of 1996 imposed, among other things, a one-year statute of limitations on motions by prisoners under section 2255 seeking to modify, vacate, or correct their federal sentences. *See Johnson v. United States*, 544 U.S. 295, 299, 125 S. Ct. 1571, 161 L.Ed.2d 542 (2005). The one-year statute of limitation may be equitably tolled "only if [the movant] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2562, 177 L.Ed.2d 130 (2010) (*quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L.Ed.2d 669 (2005)) (applicable to section 2254 petitions); *see also United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir. 2005) (applying same rule to section 2255 motions).

*Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013).

Third, summary dismissal is appropriate when the movant filed a previous § 2255 motion. Under the rules, movants are prohibited from filing a second 28 U.S.C. § 2255 motion unless they are granted leave from the Eighth Circuit Court of Appeals. *See* 28 U.S.C. § 2255(h), 28 U.S.C. § 2244 (b)(3)(A); *see also United States v. Lee*, 792 F.3d 1021, 1023 (8th Cir. 2015). Dismissal is appropriate if the movant has failed to obtain leave to file a second, successive habeas motion. *Id*.

## II. ANAYLSIS

Here, the movant's judgment became final October 29, 2018, the date certiorari was denied. The movant filed the instant Motion on August 7, 2020, well over one year past the one-year limitations period. Accordingly, the movant's § 2255 motion shall be dismissed.

## III. CERTIFICATE OF APPEALABILITY

In a 28 U.S.C. § 2255 proceeding before a district court judge, the final order is subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. *See* 28 U.S.C. § 2253(a). Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. *See* 28

3

U.S.C. § 2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability pursuant to 28 U.S.C. § 2253(c) and Federal Rule of Appellate Procedure 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997); *Tiedeman*, 122 F.3d at 523. In order to make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox*, 133 F.3d at 569; *see also Miller-El*, 537 U.S. at 335-36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy [28 U.S.C.] § 2253(c) is straightforward: the [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). When a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [movant must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Here, the court finds that it is not debatable that the movant's motion is untimely. Accordingly, a certificate of appealability shall be denied. If he desires further review of his 28 U.S.C. § 2255 motion, the movant may request issuance of the certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman*, 122 F.3d at 520-22.

In light of the foregoing, it is hereby **ORDERED**:

4

(1) The Motion pursuant to 28 U.S.C. § 2255 (docket no. 1) is **DENIED**; and

(2) A certificate of appealability shall **NOT ISSUE**.

**IT IS SO ORDERED**.

**DATED** this 21st day of December, 2020.

_____
LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA